UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE:<br>Charles A Gomez<br><br>Debtor | §<br>§<br>§<br>§<br>§ | CASE NO: 22-50312 G<br><br>Chapter 13<br><br>Honorable Craig A. Gargotta |

### TRUSTEE'S MOTION TO DISMISS CHAPTER 13 CASE
### FOR FAILURE TO TURNOVER TAX RETURN AND/OR REFUND
### WITH NOTICE AND OPPORTUNITY TO OBJECT

**AN ORDER WILL BE ENTERED GRANTING THE RELIEF REQUESTED WITHOUT FURTHER HEARING UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK WITHIN TWENTY ONE (21) DAYS OF THE DATE OF ISSUANCE OF THIS NOTICE. ANY SUCH OBJECTION MUST ALSO BE SERVED UPON THE MOVING PARTY AND UPON ALL OTHER PERSONS INDICATED ON THE CERTIFICATE OF SERVICE ATTACHED TO THIS PLEADING. IF AN OBJECTION IS FILED A HEARING WILL BE HELD AT COURTROOM #3, U. S. POST OFFICE BUILDING, 615 E. HOUSTON STREET, SAN ANTONIO, TEXAS, ON AUGUST 08, 2024 AT 9:30 A.M.**

**NOW COMES** Mary K. Viegelahn, Chapter 13 Trustee, in the above captioned case and files this Motion to Dismiss Chapter 13 Case for Failure to Turnover Tax Return and/or Refund for the following reason:

Pursuant to Paragraph 4.2 of the confirmed Plan, the Debtor shall provide a copy of the annual post-petition Income Tax Return to the Trustee if requested to do or if required to do so pursuant to the Standing Order for Chapter 13 Administration for the division in which the case is pending. The Trustee requested a copy of the 2023 Federal Income Tax Return on January 09, 2024 and to date, the Return has not been provided.

Pursuant to Paragraph 4.1 of the confirmed Plan [see Standing Order Regarding Chapter 13 Tax Refunds effective October 1, 2020], all tax refunds received by the Debtor while the chapter 13 case is pending are presumed to be disposable income to be turned over by the Debtor upon receipt to the Trustee. To date, the Debtor has not turned over such refund to the Trustee.

By failing to turn over the income tax return and/or refund, the Debtor has materially defaulted with respect to the terms of the confirmed Plan and, furthermore, hindered the Trustee's ability to administer the bankruptcy estate and is considered unreasonable delay by the Debtor that is prejudicial to creditors. Such conduct clearly constitutes grounds for dismissing this case under 11 U.S.C. §1307(c)(1) and (c)(6).

The Trustee requests that in the event a hearing is held that the Court holds that any funds held by the Trustee at the time of dismissal shall not re-vest in the Debtor pursuant to 11 U.S.C. §349(b)(3), and that such funds be disbursed by the Trustee to creditors pursuant to the plan as confirmed or modified and pursuant to 11 U.S.C. §1326(a)(2).

**WHEREFORE, PREMISES CONSIDERED**, the Trustee requests that this Court dismiss this case in accordance with 11 U.S.C. §1307 (c)(1) and (c)(6), discharge the Trustee from her trust and sureties in connection with this case, and for such other relief as this Court may deem proper.

**Dated: May 30, 2024**

*/S/ Marshall L. Armstrong*
MARSHALL L. ARMSTRONG   TSBN: 24027037
STAFF ATTORNEY FOR THE CHAPTER 13 TRUSTEE
marmstrong@sach13.com
10500 Heritage Blvd, Ste. 201
San Antonio, TX. 78216
(210) 824-1460